UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

WILL POULTRY COMPANY, INC.,

         Plaintiff,

  v.             DECISION AND ORDER
                 13-CV–01135

TEAMSTERS LOCAL NO. 264, an
affiliate of the International Brotherhood
of Teamsters,

         Defendant.

---

  The present dispute arises from the potential sale of Will Poultry Co., Inc. ("Will Poultry") pursuant to an asset purchase agreement ("APA") which is scheduled to take effect on December 28, 2013. Following the negotiation of the APA, Will Poultry sent notices of layoff to all employees pursuant to the Federal and New York State Worker Adjustment and Retraining Notification Act. On October 2, 2013, Teamsters Local 264 ("Local 264") filed a grievance alleging that the impending layoffs violated the collective bargaining agreement ("CBA") between Will Poultry and Local 264. Shortly thereafter, Local 264 demanded that the parties engage in effects bargaining regarding the sale of Local 264's assets.

  During the parties' first meeting, Local 264 demanded that Will Poultry modify the CBA to include a Successor and Assigns Clause prior to the date of closing. Local 264 also threatened to strike if its demand for a Successor and

Assigns Clause was not met.[1] Will Poultry responded by demanding that Local 264 withdraw its threat to strike and engage in the grievance and arbitration procedure set forth in Article 9 of the parties' CBA.

On November 14, 2013, Will Poultry filed a lawsuit against Local 264 in New York State Supreme Court, Erie County, alleging, *inter alia*, breach of the CBA due to Local 264's refusal to abide by the grievance and arbitration procedure. Will Poultry also requested a temporary restraining order and injunction prohibiting Local 264 from striking or engaging in secondary activity. The Hon. Timothy J. Walker, J.S.C., signed Will Poultry's order to show cause and request for a temporary restraining order.

On November 20, 2013, Local 264 removed the case to the Western District of New York. (Dkt. No. 1) Will Poultry then renewed its request for a preliminary injunction. (Dkt. No. 7)[2] Will Poultry also asked that the Court extend the terms of the temporary restraining order while making a determination as to the merits of the request for a preliminary injunction.

The parties appeared before the Court for a status conference on December 5, 2013. At that time, the parties agreed that the Court is required to

---

[1] The proposed Successor and Assigns Clause would require the purchaser to: (1) assume the CBA; (2) recognize Local 264 as the exclusive bargaining agent; and (3) retain all bargaining unit employees.

[2] Will Poultry has also filed an amended complaint (Dkt. No.12), which alleges that Local 264 violated Section 301(a) of the Labor Management Relations Act by refusing to comply with the CBA's mandatory grievance and arbitration procedure.

make a preliminary determination as to whether it has subject matter jurisdiction to enjoin striking and picketing by Local 264 pursuant to the terms of the parties' CBA and the *Boys Market* exception to the *Norris-LaGuardia* Act. The parties further agreed that Local 264 would not engage in any strike or secondary activity, with the exception of peaceful leafleting, until the Court had an opportunity to receive briefing and hear oral argument as to this issue.

Upon receipt of additional briefing (Dkt. Nos. 13 and 14) and after hearing oral argument by the parties, the Court makes a preliminary finding that it has subject matter jurisdiction to enter an injunction in this dispute. Pursuant to the Supreme Court's decision in *Boys Market, Inc. v. Retail Clerks Union, Local 770*, a federal court may issue an injunction in a labor dispute when: (1) the CBA contains an express or implied no-strike clause that covers the activities engaged in by the union; (2) the underlying dispute is covered by a mandatory grievance and arbitration procedure; and (3) the employer can show irreparable harm, and either a likelihood of success on the merits or a favorable balance of the hardships. 398 U.S. 235 (1970).

The Court finds that here, Article 9 of the parties' CBA, which requires that all grievances, controversies and disputes arising under the CBA, including disputed interpretations of the CBA, be submitted to binding arbitration, constitutes an implied no-strike clause. *Teamsters Local v. Lucas Flour Co.*, 369 U.S. 95 (1962) (a contractual obligation to submit grievances to final and binding

arbitration gives rise to an implied obligation not to strike over such disputes). In addition, the Court finds that the underlying disputes between the parties, which include both layoffs and the change of the CBA to include a Successor and Assigns Clause, are arbitrable pursuant to Articles 8, 9 and 11 of the CBA. *Elevator Manufacturers Ass'n of New York, Inc.*, 689 F.2d 382 (2d. Cir. 1982) (an employer is only entitled to *Boys Market* injunctive relief if there is an underlying arbitrable dispute).

The Court finds, for the reasons just stated, that Will Poultry has demonstrated a likelihood of success on the merits. Will Poultry has also made a preliminary showing of irreparable harm due to: (1) the potential loss of three significant customers as a result of the union's threat to strike; (2) the potential loss of customer goodwill; and (3) the potential loss of the purchaser after three years of searching for a buyer who did not intend to relocate the company. Therefore, the Court orders that the temporary restraining order initially signed by Judge Walker shall be reinstated through December 19, 2013, or until otherwise ordered by the Court.[3] *See NAACP, Inc. v. Town of East Haven*, 70 F.3d 219, 223 (2d. Cir. 1995) (a party requesting a temporary restraining order must be able to show: (1) irreparable harm should the order not be granted, and (2) either (a) a likelihood of success on the merits, or (b) sufficiently serious questions going to

---

[3] After signing the temporary restraining order, Judge Walker clarified that nothing was intended to restrict Local 264 from peacefully leafleting at Will Poultry's customers' places of business. Those terms will remain in effect as well.

the merits and a balance of hardships tipping decidedly toward the party seeking relief.)

Since the prior briefing and today's oral argument were focused primarily on the issue of subject matter jurisdiction, the Court will now allow each side the opportunity to submit additional briefing, including affidavits, addressing irreparable harm, the balance of equities and any other relevant arguments regarding likelihood of success on the merits. The Court will then render its determination as to the motion for a preliminary injunction, which will include a more detailed explanation as to why subject matter jurisdiction exists over this dispute.

Thus, it is hereby

**ORDERED**, that the November 14, 2013 Temporary Restraining Order signed by Judge Walker remains in full force and effect and Local 264 is hereby temporarily restrained from striking, and/or picketing at Will Poultry's customers, and/or further interfering with Will Poultry's business relationships through and including December 19, 2013, unless further extended by order of this Court;

**ORDERED**, that any additional briefing with respect to the motion for a preliminary injunction shall be submitted by 5:00 p.m. on December 16, 2013;

**ORDERED**, that the parties shall appear before this Court for oral argument addressing the additional submissions on the motion for a preliminary injunction at 2:00 p.m. on December 19, 2013.

SO ORDERED.

                                      *s/ Richard J. Arcara*
                                      HONORABLE RICHARD J. ARCARA
                                      UNITED STATES DISTRICT JUDGE

DATED: December 10, 2013